**William Earl PITTMAN, Petitioner,**

v.

**C. C. PEYTON, etc., Respondent.**

**Civ. A. No. 4651.**

United States District Court
E. D. Virginia,
at Alexandria.

May 9, 1968.

Petitioner pro se.

Overton P. Pollard, Asst. Atty. Gen. of Virginia, Richmond, Va., for respondent.

## ORDER

OREN R. LEWIS, District Judge.

William Earl Pittman, a prisoner in the Virginia State Penitentiary, has petitioned this Court in forma pauperis for a writ of habeas corpus. He attacks his conviction in the Circuit Court of King George County in November 1962, for armed robbery and escape for which he received a total of eleven years. He also attacks his conviction in the Circuit Court of the City of Richmond in February 1963 for recidivism, for which he received a three-year sentence, with eighteen months suspended. The Richmond judgment is attacked solely on the theory that if the King George convictions fall, the recidivism conviction must go with it. This Court has had the benefit of the record from King George County and that record is hereby incorporated into and made a part of the record in this case. All available state remedies have been exhausted, and thus the matter is properly before this Court for decision. 28 U.S.C. § 2254.

■ Pittman alleges that he was convicted of robbery solely on the basis of his guilty plea, unsupported by independent evidence of guilt. The record refutes this, disclosing that after Pittman's guilty plea was accepted, the evidence was heard, and only then did the King George County court find him guilty. As to this ground, the petition will be dismissed, and

It is so ordered.

■ Pittman further alleges that his attorney coerced him into pleading guilty and that his attorney, found to be both able and competent by the trial court which appointed him to represent Pittman, failed to advise him of the nature and effect of his guilty plea. Pittman says all this amounts to ineffective assistance of counsel. This Court, in order to properly determine this matter, needs more from the petitioner than a bald legal conclusion. Pittman will be given thirty days from the date of this order to amend his petition. He must state, with some degree of certainty,

specifically just what his lawyer did that he should not have done, and what he neglected to do that he should have done in Pittman's behalf. With the allegations thus made more specific, this Court will be in a better position to determine the matter. Unless the required amended pleading is received from the petitioner, William Earl Pittman, on or before thirty days from the date of this order, the petition will stand dismissed without further order from this Court, and

It is so ordered.